952 F.2d 1396
 142 L.R.R.M. (BNA) 2440
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Benton L. ROGERSON; Karen Rogerson, Plaintiffs-Appellants,
v.
WHEELING PITTSBURGH STEEL CORP.; United Steelworkers of
America Local 2256; United Steelworkers of
America District 23, Defendants-Appellees.
 
 No. 91-2516.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 23, 1991.
Decided Jan. 21, 1992.
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling, No. CA-89-40-W, Robert Earl Maxwell, Chief District Judge.
 Geary M. Battistelli, Beneke, Battistelli & Bremer, Wheeling, W.Va., for appellants.
 Ronald Bruce Johnson, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Wheeling, W.Va., David I. Goldman, Assistant General Counsel, United Steelworkers of America, AFL-CIO, CLC, Pittsburgh, Pa., Timothy Francis Cogan, O'Brien, Cassidy & Gallagher, Wheeling, W.Va., for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and ALEXANDER HARVEY, II, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiffs Benton Rogerson and Karen Rogerson appeal from the district court's grant of summary judgment for defendants in this case involving claims stemming from Mr. Rogerson's discharge by his employer.
 
 
 2
 Mr. Rogerson had been employed by Wheeling Pittsburgh Steel Corporation for a number of years as a forklift operator, during which time he had incurred a record of theft and intoxication-related problems at work. In 1988, he was caught stealing gasoline from the company's plant, and he was suspended for sixty days. He was allowed to return to work under a "last chance" agreement in which he acknowledged that the company would suspend him with intent to discharge if he engaged in any further misconduct. Less than thirty days after returning to work, he was discovered passed out aboard a forklift that was still running, and alcohol was found in his possession. Wheeling Pittsburgh immediately suspended him, and after conducting a hearing required by the collective bargaining agreement which covered Rogerson, it discharged him. Rogerson's union filed a grievance on his behalf, but after it was denied by the company, the union decided not to take the case to arbitration. Rogerson then brought this action alleging that his discharge violated the collective bargaining agreement because he had not been offered referral to an alcohol rehabilitation program instead of discharge, and he also claimed that his union had violated its duty to him of fair representation by not taking the case to arbitration. Mrs. Rogerson also brought a claim for loss of consortium.
 
 
 3
 Having reviewed the briefs and examined the record, we believe that the defendants were entitled to summary judgment and hereby affirm for the reasons stated in the district court's careful opinion.
 
 
 4
 AFFIRMED.